IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MOULTRIE BENHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| BUCKHEAD TOWING, INC. and | : | |
| BEVERLY ELLIOTT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Moultrie Benham ("Benham") brings this Complaint against Defendants Buckhead Towing, Inc. ("Buckhead Towing") and Beverly Elliott ("Elliott") (collectively "Defendants") alleging violations of the Fair Labor Standards Act's maximum hour provisions (29 U.S.C. § 207) as follows:

## Introduction

1.

Defendants operate a tow truck company where they employed Benham as a tow truck driver and paid him either on an hourly or commission basis. In that role, Benham regularly worked more than 40 hours per week. Defendants failed, however, to pay him an overtime premium as required by the FLSA for these overtime hours.

**Jurisdiction and Venue**

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Buckhead Towing is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4.

Benham resides within DeKalb County, Georgia.

5.

Benham worked for Buckhead Towing as a tow truck driver from approximately April 2017 through August 2018.

6.

Buckhead Towing is a domestic profit corporation organized under the laws of the State of Georgia.

7.

Buckhead Towing is subject to the personal jurisdiction of this Court.

8.

Buckhead Towing may be served with process through its registered agent, Beverly

Elliott, at 290 Margaret Street, SE, Atlanta, Georgia 30315.

9.

Elliott resides within Gwinnett County, Georgia.

10.

Elliott is the CFO and registered agent for Buckhead Towing.

11.

Elliott is subject to the personal jurisdiction of this Court.

12.

Elliott may be served with process at 290 Margaret Street, SE, Atlanta, Georgia

30315 or wherever she may be found.

**Enterprise Coverage under the FLSA**

13.

From approximately April 2017 through August 2018 (hereinafter "the Relevant

Time Period"), Buckhead Towing was an "enterprise engaged in commerce or in

the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1),

29 U.S.C. § 207(a)(1).

14.

At all times material hereto, Buckhead Towing employed two or more persons who

regularly provided towing services for disabled or abandoned vehicles on Interstate

and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

15.

Throughout the Relevant Time Period, Benham and two or more other employees of Buckhead Towing handled materials used by the company for its business purposes including, but not limited to, trucks, gasoline, engine oil, uniforms, and cellular phones.

16.

Throughout 2017, Buckhead Towing employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2018, Buckhead Towing employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2017, Buckhead Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2018, Buckhead Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

In 2017, Buckhead Towing had an annual gross volume of sales made or business done of not less than $500,000.

21.

In 2018, Buckhead Towing had an annual gross volume of sales made or business done of not less than $500,000.

22.

Throughout the Relevant Time Period, Buckhead Towing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times during the Relevant Time Period, Buckhead Towing has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**Individual Coverage under the FLSA**

24.

At all times material to this action, Benham was "engaged in commerce" as an employee of Buckhead Towing within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

Specifically, Benham regularly operated tow trucks on behalf of Buckhead Towing for the purpose of providing towing services for persons with disabled vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

**Employment Status**

26.

At all times during the Relevant Time Period, the work Benham performed was integral to Buckhead Towing's business purpose (*i.e.*, the operation of towing services).

27.

Throughout the Relevant Time Period, Benham did not invest in Buckhead Towing's business such that he shared any significant risk of loss.

28.

Throughout the Relevant Time Period, Benham did not utilize any special skills in the course of his work for Buckhead Towing.

29.

Throughout the Relevant Time Period, Buckhead Towing did not require any formal training, degree, or certificate (other than a driver's license) to allow Benham to operate its vehicles or perform its business purpose.

30.

Throughout the Relevant Time Period, Benham did not exercise independent business judgment in the course of his work for Buckhead Towing.

31.

Throughout the Relevant Time Period, Benham did not possess commercial driver's license.

32.

Throughout the Relevant Time Period, Buckhead Towing controlled the rate of Benham's pay.

33.

Throughout the Relevant Time Period, Buckhead Towing controlled Benham's work hours.

34.

Throughout the Relevant Time Period, Buckhead Towing controlled the manner in which Benham's work was performed.

35.

Throughout the Relevant Time Period, Benham did not solicit towing customers on behalf of Buckhead Towing.

36.

Throughout the Relevant Time Period, all of Benham's working efforts were directed at serving Buckhead Towing's customers.

37.

Throughout the Relevant Time Period, Buckhead Towing provided Benham with all tools, equipment, and other materials necessary for Benham to perform his job as a tow truck driver, including the tow trucks.

38.

During the Relevant Time Period, Buckhead Towing did not deduct payroll taxes from Benham's wages each pay period.

39.

During the Relevant Time Period, Benham was an "employee" of Buckhead Towing within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

During the Relevant Time Period, Buckhead Towing was an "employer" of Benham within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

**Statutory Employer**

41.

During the Relevant Time Period, Elliott exercised operational control over the work activities of Benham.

42.

During the Relevant Time Period, Elliott was involved in the day to day operation of Buckhead Towing.

43.

During the Relevant Time Period, Buckhead Towing vested Elliott with supervisory authority over Benham.

44.

During the Relevant Time Period, Elliott exercised supervisory authority over Benham.

45.

During the Relevant Time Period, Elliott scheduled Benham's working hours or supervised the scheduling of Benham's working hours.

46.

During the Relevant Time Period, Elliott exercised authority and supervision over Benham's compensation.

47.

During the Relevant Time Period, Elliott has been an "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**Non-Exempt Status**

48.

Throughout the Relevant Time Period, Benham was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

49.

Throughout the Relevant Time Period, Benham was not employed by Buckhead Towing in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

50.

At all times during the Relevant Time Period, Benham did not supervise two or more employees.

51.

Throughout the Relevant Time Period, Benham was not employed by Buckhead Towing in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

52.

At all times during the Relevant Time Period, Benham did not exercise independent judgment and discretion in making significant business decisions on behalf of Buckhead Towing.

53.

Throughout the Relevant Time Period, Benham was not employed by Buckhead Towing in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

54.

Throughout the Relevant Time Period, Benham was not employed by Buckhead Towing in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

55.

During the Relevant Time Period, Benham never traveled outside of the State of Georgia in the performance of his towing duties on behalf of Buckhead Towing.

56.

During the Relevant Time Period, Benham never had a reasonable expectation that he would be sent outside the State of Georgia on any given day he worked for Buckhead Towing.

57.

Throughout the Relevant Time Period, the Secretary of Transportation did not have jurisdiction to establish Benham's qualifications and maximum hours of service pursuant to the provisions of 49 USC § 31502.

58.

At all times material hereto, Benham was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

59.

At all times material hereto, Benham's work for Buckhead Towing did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

60.

At all times material hereto, Benham did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

## Additional Factual Allegations

### 61.

Buckhead Towing employed Benham as a tow truck driver from April 2017 through approximately August 2018.

### 62.

At all times during his employment, Benham regularly worked Monday through Friday (*i.e.* 5 days) during most work weeks.

### 63.

During the Relevant Time Period, Benham worked at least 12 hours during each work shift.

### 64.

During the Relevant Time Period, Benham normally worked at least 60 hours during most work weeks.

### 65.

At all times during his employment, Buckhead Towing paid Benham the greater of commissions earned or hourly pay during each work week.

### 66.

During the Relevant Time Period, when Buckhead Towing compensated Benham at an hourly rate, he was paid $8.25 per hour.

### 67.

During the Relevant Time Period, Buckhead Towing provided impound services for the Atlanta Police Department.

68.

During the Relevant Time Period, 100% of the services Benham provided on behalf of Buckhead Towing were impound services for the Atlanta Police Department.

69.

During the Relevant Time Period, Buckhead Towing did not provide Benham with a tax form 1099-Misc or a W-2.

70.

Defendants were aware that Benham worked 60 hours during most work weeks throughout the Relevant Time Period.

71.

Throughout the Relevant Time Period, Defendants compensated Benham at either an hourly rate or his commissions earned for each hour he worked during each work week (*i.e.* "straight pay").

72.

Throughout the Relevant Time Period, Defendants failed to compensate Benham at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in each work week regardless of whether his regular rate was based on an hourly wage or on commissions.

73.

At all times during the Relevant Time Period, Defendants were aware of the actual hours that Benham worked during each work week.

74.

At all times relevant to this action, Defendants knew or should have known that the FLSA applied to Benham.

75.

At all times during the Relevant Time Period, Defendants knew or should have known that FLSA Section 7 required that Defendant compensate Benham at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in a workweek.

## COUNT I–Failure to Pay Overtime

76.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

77.

Throughout the Relevant Time Period, Benham has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

78.

Throughout the Relevant Time Period, Benham regularly worked in excess of 40 hours during each week.

79.

Throughout the Relevant Time Period, Defendants failed to compensate Benham at one and one-half times his legal regular hourly rate for work in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

80.

Defendants' failure to compensate Benham in accordance with FLSA § 7(b), 29 U.S.C. § 207, was willful within the meaning of FLSA § 55, 29 U.S.C. § 255.

81.

Benham is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

82.

As a result of the underpayment of overtime compensation as alleged above, Benham is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of overtime compensation as alleged above, Benham is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Benham respectfully prays:

1.      That his claims be tried before a jury;

2.      That he be awarded an amount to be determined at trial against Defendants
        in unpaid overtime compensation due under the FLSA, plus an additional
        equal amount as liquidated damages;

3.      That he be awarded nominal damages;

4.      That he be awarded costs of litigation, including his reasonable attorney's
        fees; and

5.      For such other and further relief as the Court deems just and proper.


        Respectfully submitted,

                                    DELONG CALDWELL BRIDGERS
                                    FITZPATRICK & BENJAMIN, LLC

                                    /s/ Kevin D. Fitzpatrick, Jr.
3100 Centennial Tower               Kevin D. Fitzpatrick, Jr.
101 Marietta Street                 Ga. Bar No. 262375
Atlanta, Georgia 30303              /s/Charles R. Bridgers
(404) 979-3171                      Charles R. Bridgers
(404) 979-3170 (f)                  Ga. Bar No. 080791
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com       COUNSEL FOR PLAINTIFF