## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and among Moultrie Benham ("Benham") ("Plaintiff"), Buckhead Towing, LLC, ("Buckhead"), and Beverly Elliott ("Elliott") (all parties collectively referred to as the "Parties"), effective on the date executed by Benham below.

WHEREAS, on April 2, 2019, Plaintiff filed a Complaint against Buckhead and Elliott in the United States District Court for the Northern District of Georgia (the "Court"), styled *Moultrie Benham v. Buckhead Towing, Inc. et al.*, Case No. 1:19-cv-01468-MHC (hereinafter the "Lawsuit");

WHEREAS, a dispute exists regarding whether and to what extent Buckhead properly Plaintiff paid for certain overtime hours he allegedly worked; and

WHEREAS, the Parties desire to fully settle this dispute and any and all other claims, complaints, or causes of action which Plaintiff has, have had, or may hereafter claim to have had against Buckhead or Elliott;

NOW, THEREFORE, in consideration of the terms and mutual promises contained herein, Plaintiff, Buckhead, and Elliott agree as follows:

1. **No Admission.** Plaintiff recognizes and acknowledge that this Agreement does not constitute and shall not be construed as an admission by any of the Releasees of any violation of a law, regulation, or other legal right, including but not limited to the Fair Labor Standards Act ("FLSA"), or liability under any common law theories, including but not limited to unjust enrichment or quantum meruit. The Releasees do not admit, and in fact specifically deny, any wrongdoing, liability, or culpability arising out of, related to, or connected with Plaintiff's employment with Buckhead, and state that there is a bona fide dispute as to each and all of Plaintiff's claims.

2. **Payments by Buckhead.** For and in consideration of Plaintiff's execution of this Agreement, and subject to all terms and conditions of this Agreement, Buckhead and Elliott agree that Buckhead will issue and deliver to Plaintiff's attorneys payments to Plaintiff or on their behalf totaling **$4,000.00** in eight equal monthly payments of **$500.00** delivered on the fifteenth day of each such month beginning in the month after the month in which the Court approves this Agreement. Payments will be made by check made payable to "Moultrie Benham", and will be delivered to Kevin Fitzpatrick, Esq., at DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC; 101 Marietta Street NW; Suite 2650, Atlanta, Georgia 30303.

3. The payments described herein and all other consideration provided by Buckhead in this Agreement shall be in full and final settlement of the dispute between Plaintiff, Buckhead, and Elliott regarding compensation and all other all claims, complaints, and causes of action for wages, damages, attorneys' fees, costs and any other relief that Plaintiff may have or claim to have against Buckhead, and Elliott, or any of the other Releasees. The payments are made expressly in exchange for dismissal of the Lawsuit with prejudice, Plaintiff's general releases, promises, covenants, and other consideration provided by Plaintiff, and in reliance on Plaintiff's representations and acknowledgments, as set forth in this Agreement. Plaintiff expressly acknowledges that, upon receipt of the payments described herein, he will have received all compensation he contends he is owed for any work he performed for Buckhead or Elliott.

4. **Dismissal and Covenant Not to Sue.** In consideration of the promises and payments set forth herein, and as a material inducement to Buckhead, and Elliott to enter into this Agreement,

Plaintiff agrees to stipulate to a dismissal, with prejudice, of all claims asserted by him in the Lawsuit. Plaintiff also expressly agrees not to assert any Claims (defined in Paragraph 4(a) below) released by Plaintiff in this Agreement against Buckhead, and/or Elliott or any of the other Releasees, except as specifically permitted herein. Plaintiff warrants and represents that he has no other outstanding claims, charges, or grievances against Buckhead, and/or Elliott or any of the other Releasees as of the date of this Agreement and, except as specifically provided herein, Plaintiff covenants and agrees not to participate, or consent to the bringing of, any claims, charges, or grievances on their behalf, in any class or collective action or other proceeding or to accept, in whole or in part, any settlement, award, remedy, or relief other than that expressly described in Paragraph 2 above with regard to any Claims released by Plaintiff in this Agreement. Plaintiff agrees further that he will not opt-in or will opt-out of any collective action or class action asserting any Claim released by this Agreement, as necessary to exclude himself from any such action.

5. <u>General Release and Waiver Given by Plaintiff</u>. In consideration of the promises and payments set forth herein, and as a material inducement to Buckhead, and Elliott to enter into this Agreement, Plaintiff agrees as follows:

(a) Plaintiff hereby unconditionally releases, acquits, and forever discharges Buckhead, and Elliott and all of their respective parents, subsidiaries, and affiliates, all of those entities' respective owners, shareholders, general or limited partners, joint venturers, directors, officers, employees, agents, representatives, insurers, and attorneys, and any persons acting by, through, under, or in concert with any of them, and all successors and assigns of all such entities and persons (collectively the "Releasees"), from any and all claims, lawsuits, complaints, demands, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, entitlements, costs, losses, debts, and expenses (including attorneys' fees and legal expenses) (collectively, "Claims"), of any nature whatsoever, known or unknown, which Plaintiff now has, has had, or may hereafter claim to have had against any of the Releasees, individually or collectively, by reason of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date Plaintiff executed this Agreement.

(b) Specifically included without limitation in this General Release and Waiver is a knowing and voluntary waiver and release of all claims under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*.; 42 U.S.C. §§ 1981; the Americans with Disabilities Act, *as amended*, 42 U.S.C. §§ 12101 *et seq*.; the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*.; the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.; the Equal Pay Act, 29 U.S.C. §§ 201 *et seq*.; claims pursuant to or derived from the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., that arise from any alleged failure to pay wages; and any and all claims under any federal or state laws pertaining to employment, employment compensation, or employment benefits; personal injury; injury to reputation; injury to property; intentional torts; negligence; wrongful termination; constructive discharge; retaliation; discrimination; harassment; breach of contract; quantum meruit; unjust enrichment; any and all claims based on "public policy;" and any and all claims for recovery of lost wages, overtime, back pay, stock options, fringe benefits, pension benefits, liquidated damages, front pay, compensatory and/or punitive damages, attorneys' fees, costs, injunctive or equitable relief, or any other form of relief; and any and all other claims of any kind based on any federal, state, or local constitution, statute, law, rule, regulation, judicial doctrine, contract, or common law, or other theory arising out of any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date Plaintiff executes this Agreement.

(c)     Plaintiff expressly acknowledges that this Agreement may be pled as a complete defense and will fully and finally bar all claims by Plaintiff that were or could have been pled in the Lawsuit and all claims against the Releasees, known or unknown, individually and collectively, based on any matter, act, omission, transaction, occurrence, or event that has occurred or is alleged to have occurred up to the date Plaintiff executes this Agreement.

(d)     Plaintiff acknowledges that this General Release and Waiver extends also to claims that he does not know or suspect to exist in his favor at the time of executing it, which if known by him might have materially affected their decision to execute it.  Plaintiff hereby knowingly and voluntarily waives and relinquishes all rights and benefits which he may have under applicable law with respect to such claims.

6.    <u>Non-disparagement</u>.  In consideration of the promises and payments set forth herein, and as a further material inducement to Buckhead, and Elliott to enter into this Agreement, Plaintiff agrees that he will refrain from disparaging the Releasees or the products and/or services of Buckhead or Elliott in any form or fashion, whether in writing or orally, except as required by law.

7.    <u>Tax Consequences</u>.  Plaintiff shall be responsible for his own taxes and any liabilities for taxes, penalties, or interest arising from the payment of the settlement proceeds pursuant to this Agreement.  Plaintiff acknowledges and agrees that neither Buckhead nor Elliott, are undertaking to advise him with respect to any tax consequences, and that he is solely responsible for determining and satisfying all of his own tax obligations resulting from any payments described herein.

8.    <u>No Assignment</u>.  Plaintiff represents and warrants that he has not assigned to any other person or entity, and that no other person or entity is entitled to assert on their behalf, any claim against Buckhead or Elliott or any of the other Releasees, based on matters released in this Agreement.  Plaintiff further represents, warrants, covenants, and agrees that no person, firm, or other entity has asserted, currently asserts, or to their knowledge will assert, a lien or claim of lien with respect to any payment made pursuant to this Agreement or any claims, demands, actions, or causes of action, whether or not asserted in the Lawsuit or any other proceedings, and that the Releasees shall not be obligated in any way to make any payment to any other person, firm, or entity.  In the event any person or entity asserts any claim or matter released by Plaintiff in this Agreement or any claim of lien with respect to any payment made pursuant to this Agreement, Plaintiff shall indemnify and hold the Releasees harmless for any such claims asserted.

9.    <u>Court Approval</u>.  The Parties agree that the Court must approve this Agreement.  If the Court declines to approve the Agreement, the Parties agree to work cooperatively and in good faith in an attempt to address and resolve any concerns identified by the Court and make further efforts to obtain approval.

10.    <u>Construction/Severability/Execution by Counterparts</u>.  This Agreement supersedes any and all previous agreements between the Parties with respect to the subject matter hereof.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.  If any part of this Agreement is declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that part shall be excluded and the validity and enforceability of the remaining parts, terms, or provisions shall not be affected; except that in no event shall Buckhead and Elliott's obligation to make the payments set forth in Paragraph 2 above be severed from the requirement of dismissal of the Lawsuit with prejudice and Plaintiff's release of claims set forth in Paragraph 4 above.  This Agreement may be signed in counterparts for the convenience of the Parties, such that a copy of the Agreement signed by one

Party, together with a copy of the Agreement signed by another Party, either in the same document or in separate documents, shall be deemed one Agreement.

11. <u>Governing Law</u>. This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Georgia.

12. <u>Representations and Acknowledgments</u>. The Parties represent and acknowledge that no promise or inducement has been offered or made except as set forth herein; that, in executing this Agreement, they do not rely and have not relied upon any promise, inducement, representation, or statement about the subject matter, meaning, or effect of this Agreement that is not stated in this document; that the only consideration for executing this Agreement are the payment(s), promises, and other consideration expressly contained or described herein; that all parties have read this Agreement or had it read and explained to them, understand all of its terms, and understand that this Agreement constitutes the entire agreement between the Parties; that the Parties have had ample opportunity to consult counsel of their choosing regarding the terms of this Agreement; and that the undersigned are executing this Agreement voluntarily and with full knowledge of its significance after consultation with counsel. Plaintiff further represents and acknowledges that, with the payments described in Paragraph 2, all compensation due them by Buckhead, and Elliott, or any of the other Releasees, whether by contract or by law, has been paid in full; that the payment allocated to wages set forth in Paragraph 2 constitutes at least as much if not more than the amount of wages and overtime he has asserted that he did not receive while employed with Buckhead; that he has been provided all rights and benefits to which he is entitled without interference by Buckhead, and Elliott, including but not limited to straight time pay, overtime pay, vacation, sick time, paid or unpaid time off, Family and Medical Leave, accommodation for any disability, or any contractual rights; and that he has no outstanding or remaining claims for any compensation or benefits from Buckhead or Elliott, or any of the other Releasees. Plaintiff further agrees that the acknowledgments and representations in this Paragraph have been relied upon by Buckhead, and Elliott and constitute consideration for Buckhead and Elliott's execution of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST BUCKHEAD OR ELLIOTT.

_____
MOULTRIE BENHAM
Date: 11-6-19

DEFENDANT BUCKHEAD TOWING, INC.

By: Beverly L. Elliott
Name: Beverly Elliott
Title: ~~President~~ CFO
Date: 11/4/2019

_____
BEVERLY ELLIOTT
Date: 11/4/2019