IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MOULTRIE BENHAM,

    Plaintiff,

v.

BUCKHEAD TOWING, INC., and
BEVERLY ELLIOTT,

    Defendants.

CIVIL ACTION FILE

NO. 1:19-CV-1468-MHC

## ORDER

Before the Court is Plaintiff's Motion for Approval of Settlement Agreement ("Motion") [Doc. 12].

The Court reviewed the Settlement Agreement [Doc. 12-1], attached as Exhibit 1 to Plaintiff's Motion, to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). This is an unusual case. Plaintiff filed his Complaint on April 2, 2019 [Doc. 1]. Although both Defendants were served with the Complaint [Docs. 5, 7], neither filed an Answer. Because more than six months elapsed without any substantive

proceedings, on October 29, 2019, this Court issued an Order directing Plaintiff to show cause why this case should not be dismissed for want of prosecution in accordance with Local Rule 41.3A(3). Oct. 29, 2019, Order [Doc. 11] (citing LR 41.3A(3), NDGa.

In response to the show cause order, Plaintiff responded as follows: (1) Defendant Beverly Elliott has been in personal and financial distress due to the terminal illness of her husband, the founder of Defendant Buckhead Towing, Inc., (2) The parties agree to resolve this matter with Plaintiff receiving payment from Defendants totalling $4,000.00 in eight equal monthly installments of $500.00, (3) Plaintiff agrees to waive liquidated damages, and (4) Plaintiff's counsel agrees to waive attorney's fees. Resp. to Show Cause Order [Doc. 13]. Based on its review of the parties' Settlement Agreement and the record in this case, the Court concludes: (1) the terms of the Settlement Agreement for the parties are a fair, reasonable, and adequate resolution of this action; and (2) the Settlement Agreement is reached in an adversarial context where Plaintiff had legal representation. Given the circumstances referenced above, the Court commends Plaintiff's counsel for waiving their fees in this case.

Upon consideration of the Motion, the Court **ORDERS** that the payments of the settlement amounts shall be made as provided in the Settlement Agreement. Each party shall bear its own costs of litigation, including attorney's fees.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Approval of Settlement Agreement [Doc. 12], **APPROVES** the parties' Settlement Agreement, and hereby **DISMISSES** all claims in the above-styled action **WITH PREJUDICE**.

**IT IS SO ORDERED** this 6th day of November, 2019.

_____
MARK H. COHEN
United States District Judge